UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LOGAN BACHSTEIN,**

        **Plaintiff,**

v.                                                Case No: 6:19-cv-1484-Orl-41LRH

**DISCORD, INC.,**

        **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Transfer or, In the Alternative, Dismiss Plaintiff's Complaint ("Motion," Doc. 14). Plaintiff filed a Memorandum in Opposition (Doc. 19), and Defendant was granted leave to file a Reply in Support (Doc. 24). Defendant has also filed a Request for Judicial Notice (Doc. 23). For the reasons stated herein, the Motion will be granted in part and denied in part. Defendant's Request for Judicial Notice will be denied as moot.

**I.  BACKGROUND**

Defendant is a software company currently incorporated under the name Discord, Inc. (Li Decl., Doc. 14-2, at 1). Defendant's company was previously incorporated under the name Hammer & Chisel, Inc.[1] (Am. Statement by Foreign Corp., Doc. 23-1, at 2–3). Plaintiff is a user of Defendant's software. (*See generally* Compl., Doc. 1). Defendant requires all of its users to register for the software prior to use, at which time a prospective user must actively assent to Terms

---

[1] "On a motion to transfer venue, the Court is permitted to consider materials outside the pleadings." *Elite Advantage, LLC v. Trivest Fund IV, L.P.*, No. 15-22146-CIV-ALTONAGA, 2015 U.S. Dist. LEXIS 110796, at *8 n.1 (S.D. Fla. Aug. 21, 2015). Therefore, Defendant's Request for Judicial Notice (Doc. 23) is unnecessary and will be denied as moot.

of Service by checking a box during the registration process. (Doc. 14-2 at 2). Defendant contends, and Plaintiff does not dispute, that Plaintiff agreed to the Terms of Service during his registration for the use of Defendant's software. (*Id.*). The Terms of Service include an express forum selection clause that reads as follows:

> Any claim or dispute between you and the Company that arises in whole or in part from these Terms or your use of the Service . . . shall be decided exclusively by a court of competent jurisdiction located in Santa Clara County, California, and you hereby consent to, and waive all defenses of lack of personal jurisdiction and forum non conveniens with respect to venue and jurisdiction in the state and federal courts of Santa Clara County, California.

(Discord Terms of Service, Doc. 14-2, at 18).

Plaintiff alleges that in 2017 he joined a chatroom, which was "hosted and owned by" Defendant. (Doc. 1 at 3). In this chatroom, as Plaintiff alleges, he met a "moderator" who went by the username Duke. (*Id.* at 3–4). Plaintiff contends that during conversations with Duke through the chatroom, Plaintiff asked for assistance, and Duke offered to help Plaintiff gain access to "electronic currency stored within his digital wallet." (*Id.* at 5). Plaintiff states that he allowed Duke to "remotely access" his computer for this purpose. (*Id.*). Duke then allegedly transferred the electronic currency from Plaintiff's digital wallet to his own. (*Id.*). Plaintiff alleges that the electronic currency has not been recovered, and neither party knows of the identity or whereabouts of Duke. (*Id.* at 10).

Plaintiff initiated this lawsuit, alleging claims against Defendant for negligence, aiding and abetting conversion, respondeat superior, negligent training and supervision, and negligent hiring and retention. (*Id.* at 13–16). In short, Plaintiff believes that Defendant should be held responsible for Duke's actions.

## II.   MOTION TO TRANSFER

### A.   Legal Standard

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Supreme Court has held that the application of § 1404(a) principles is the appropriate means by which to analyze a valid forum selection clause requiring transfer to another federal district court. *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 579 (2013). Furthermore, "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). Therefore, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 581 (footnote omitted).

At the outset, the Court must determine if the forum selection clause is valid. *See Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1189–90 (M.D. Fla. 2014). "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (per curiam). "Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law . . . not state law." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (per curiam). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because

of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281. "The burden is on the party resisting the enforcement of a forum selection clause to establish fraud or inequitable conduct sufficient to bar enforcement of the clause." *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (per curiam).

If a valid forum selection clause exists, the Court must apply a modified § 1404(a) analysis to determine if there is a reason not to transfer the case to the chosen forum. Traditionally, courts in the Eleventh Circuit consider the following factors under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Kelling v. Hartford Life and Accident Ins. Co.*, 961 F. Supp. 2d 1216, 1218 (M.D. Fla. 2013) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). However, where a valid forum selection clause exists, the traditional analysis is altered in three ways. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 134 S. Ct. at 581. "Second, a court evaluating a defendant's § 1404(a) motion to transfer . . . should not consider arguments about the parties' private interests." *Id.* at 582. "Instead, a court considers only arguments about public-interest factors which rarely will be sufficient to defeat a motion to transfer to the agreed upon forum." *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se. LLC*, No. 3:13-cv-306-J-34JRK, 2014 WL 1268584, at \*21 (M.D. Fla. Mar. 27, 2014). Finally, "a § 1404(a) transfer of

venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Atl. Marine*, 134 S. Ct. at 582.

**B.     Analysis**

Defendant argues that Plaintiff agreed to its Terms of Service, which include an express mandatory forum selection clause placing the forum "in the state and federal courts of Santa Clara County, California." (Doc. 14-2 at 18). Thus, Defendant moves for the case to be transferred to the United States District Court for the Northern District of California.[2] Plaintiff argues that "[t]ransfer is not warranted, as Plaintiff's claim does not fall within the scope of the forum selection clause." (Doc. 19 at 3).

Plaintiff does not dispute that he agreed to the Terms of Service and that those Terms of Service contain a forum selection clause. Rather, Plaintiff argues that, for various reasons, he should not be bound by the Terms of Service. First, Plaintiff contends that Defendant should not be able to enforce the Terms of Service because the agreement was between Plaintiff and Hammer & Chisel, Inc. But Defendant has produced clear evidence showing that it merely changed the name of its company from Hammer & Chisel, Inc. to Discord, Inc. (*See* Doc. 23-1 at 2–3). A change in a company's name does not alter contractual obligations. *United States v. Kaman Precision Prods.*, No. 6:09-cv-1911-Orl-31GJK, 2011 U.S. Dist. LEXIS 97263, at *1–2 n.1 (M.D. Fla. Aug. 30, 2011); *Ins. Co. of the W. v. Ollinger Constr., Inc.*, No. 11-0575-WS-N, 2012 U.S. Dist. LEXIS 180072, at *22 n.14 (S.D. Ala. Dec. 20, 2012) (collecting cases).

Second, Plaintiff summarily concludes that his "claims certainly do not arise from the [T]erms of [S]ervice." (Doc. 19 at 3). Plaintiff is incorrect. In his Complaint, Plaintiff asserts that

---

[2] Santa Clara County, California, is located within the boundaries of United States District Court for the Northern District of California. 28 U.S.C. § 84(a).

Defendant failed to enforce the Terms of Service, (*see, e.g.*, Doc. 1 at 2, 4), and that he was allegedly harmed by that failure. Plaintiff cannot allege that his action is rooted in a violation of the Terms of Service and then simultaneously conclude that his "claims certainly do not arise from the [T]erms of [S]ervice." (Doc. 19 at 3).

Third, Plaintiff contends that Defendant is in the same predicament because Defendant argues that the alleged offending conduct occurred "off-platform," (Doc. 14 at 19; Doc. 19 at 3), and therefore Defendant should not be liable for the harm. In Plaintiff's words, he believes that Defendant "is trying to have its cake and eat it too." (Doc. 19 at 4). That is, Plaintiff avers that Defendant cannot make this argument while also asserting that the action arises from use of Defendant's software. But Plaintiff misunderstands Defendant's argument. *Plaintiff* has asserted that the alleged actions arose out of his use of Defendant's software. The forum selection clause states that it applies to "[a]ny claim or dispute between you and the Company that arises in whole or in part from . . . your use of the Service." (Doc. 14-2 at 18). Thus, it is Plaintiff who implicates the Terms of Service and the forum selection clause therein by alleging that he was harmed by his use of Defendant's software. *Bright LLC v. Best W. Int'l*, No. 16-CV-02500-JAR, 2017 U.S. Dist. LEXIS 19335, at *10 (D. Kan. Feb. 10, 2017) (holding that a forum selection clause applied when the allegations in the complaint implicated the contract in which the forum selection clause was contained). However, this does not necessarily equate to a legal duty on the part of Defendant, an issue which this Court makes no determination on in this Order.

Finally, Plaintiff believes that the forum selection clause does not apply because it appears in the Terms of Service at some point subsequent to the phrase: "The following additional terms and conditions apply with respect to any App that the Company provides to you designed for use on an Apple iOS-powered mobile device (an 'iOS App'): . . ." (Doc. 14-2 at 15). Thus, Plaintiff

contends, everything in the Terms of Service following that statement only applies to use of Defendant's software on an Apple iOS device, which Plaintiff did not use to access the software. Plaintiff's interpretation is plainly erroneous. The referenced statement appears in a section of the Terms of Service under the heading "IOS Applications." (*Id.* at 14). Further, the sentence ends in a colon, which is followed by a bulleted list of terms, suggesting that the additional terms and conditions being referred to are contained in the bulleted list that follows. *Long-Lewis Sterling W. Star of Bessemer v. Sterling Truck Corp.*, 460 F. App'x 819, 821 (11th Cir. 2012) ("Ordinarily, words preceding a colon apply to the entire list of items that follow the colon."); *In re Pelz*, 379 F. App'x 975, 978 (Fed. Cir. 2010) (finding that a colon used after the phrase "consisting essentially of" indicated "that a list of particulars was to follow").[3] The forum selection clause appears in another section of the Terms of Service, clearly delineated by a separate heading titled "General," which would logically imply that the general terms for the entire contract are contained in that section. For all of these reasons, Plaintiff's argument on this point fails.

As stated, forum selection clauses are presumptively valid and enforceable, and Plaintiff has not set forth any reason—much less a strong showing—why the forum selection clause in the Terms of Service should not be enforced. *Krenkel*, 579 F.3d at 1281. Thus, the Court moves on to determine whether, given a valid forum selection clause, this case should be transferred to the chosen forum.

Forum selection clauses are frequently categorized by federal courts as either permissive or mandatory. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit

---

[3] *See P & S Bus. Machs.*, 331 F.3d at 807 ("Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law . . . not state law.").

litigation elsewhere." *Id.* "A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" *Id.* (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)). The forum selection clause in question is mandatory. (Doc. 14-2 at 18 (stating in the forum selection clause of the Terms of Service that any disputes "*shall* be decided *exclusively* by a court of competent jurisdiction located in Santa Clara County, California" (emphasis added))). Thus here, there exists a valid and enforceable mandatory forum selection clause.

Turning to the modified § 1404(a) analysis, the Court first emphasizes that "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 134 S. Ct. at 581. Plaintiff states that Defendant "has not addressed any of the [§ 1404] public and private factors," and therefore Plaintiff will not address them either. (Doc. 19 at 5). Plaintiff then summarily concludes that "none of these factors weighs even marginally in favor of transferring this case to California." (*Id.*). Plaintiff is incorrect. First, while private interest factors are not relevant here, *Atl. Marine*, 134 S. Ct. at 582, Defendant has addressed public interest in its Motion to Transfer, albeit in summary fashion. (*See* Doc. 14 at 10). Second, it is *Plaintiff's burden*—not Defendant's—to demonstrate that transfer is unjustified, and he has failed to satisfy this burden.

Even so, public interest factors are rarely sufficient to defeat a motion to transfer, *Cableview Commc'ns*, 2014 WL 1268584, at *21, and Plaintiff has not set forth any extraordinary circumstances that warrant denying the Motion to Transfer. Nor has the Court identified any factors that weigh against transfer. That is, it appears that the alleged events occurred online, which would suggest that no particular access to evidence is located in Florida. California courts will also be more familiar with California law governing the state law claims in this case than this Court

would be.[4] And, there is no particular efficiency or interests of justice that would suggest that Florida is a more appropriate forum than the federal court in California. Therefore, it is appropriate to enforce the forum selection clause, and Defendant's Motion to Transfer is due to be granted.

### III. CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Transfer or, In the Alternative, Dismiss Plaintiff's Complaint (Doc. 14) is **GRANTED in part** and **DENIED in part**.
   a. To the extent the Motion seeks transfer, it is **GRANTED**.
   b. To the extent the Motion seeks dismissal, it is **DENIED in part**. Insofar as the Motion moves for dismissal based on personal jurisdiction, the Motion is **DENIED as moot**. Insofar as the Motion requests dismissal for failure to state a claim upon which relief can be granted, ruling on the Motion is **DEFERRED** because this Court is not the proper forum to decide the merits of the case.
2. Defendant's Request for Judicial Notice (Doc. 23) is **DENIED as moot**.
3. The Clerk is **DIRECTED** to transfer this case to the United States District Court for the Northern District of California for all further proceedings and to close this file.

---

[4] The Terms of Service contain a choice of law provision that dictates that California law will apply to state law claims. (Doc. 14-2 at 18).

**DONE** and **ORDERED** in Orlando, Florida on November 25, 2019.



Copies furnished to:

Counsel of Record